## William L. Perdew v. Michael Tillma.

Filed November 20, 1901.    No. 10,502.

Commissioner's opinion, Department No. 1.

Action on Note: PLEA OF ACCORD AND SATISFACTION. In an action upon a promissory note, the execution of which is admitted, where as a defense an accord and satisfaction is attempted to

be pleaded, the plea is bad when the performance necessary to constitute the satisfaction is not alleged, and it appears upon the face of the plea that performance, and not the agreement to perform, was to be received in satisfaction.

ERROR from the district court for Butler county. Tried below before BATES, J. *Reversed.*

*E. W. Hale,* for plaintiff in error.

*Matt Miller* and *Arthur J. Evans, contra.*

DAY, C.

On December 23, 1896, William Perdew commenced this action in the district court of Butler county against Michael Tillma and Lettie Tillma to recover upon a promissory note executed and delivered to the plaintiff by the defendants. Subsequently the action was dismissed as to Lettie Tillma. By his answer, Michael Tillma admitted the execution and delivery of the note, and that it was due and unpaid, but by way of defense alleged that at the time of the giving of the note he gave as security therefor a real estate mortgage upon certain lands situated in Decatur county, Kansas, a particular description of which was set out in the answer. He further alleged that by reason of failure of crops, and other losses he was unable to pay the note when due, and, being desirous of liquidating the indebtedness, entered into an agreement with the plaintiff prior to the commencement of the suit, whereby the plaintiff agreed to accept a deed to the lands above mentioned in full payment for all claims against the defendant upon the note; that he has been ready and willing at all times to carry out the terms of the agreement and is still willing to do so; that before he was able to get the deed executed and comply with the agreement, plaintiff commenced this action. As a second defense he pleaded a foreign statute in bar, but, as no evidence was introduced in support of this defense, it will be deemed to have been abandoned. The reply denied all new matter

set up in the answer.  The result of the trial was a verdict for the defendant, upon which judgment was subsequently rendered, to review which plaintiff brings error.

The only testimony introduced upon the trial was that of the defendant, which, in the main, tended to establish the allegations of his answer with respect to the agreement to accept a deed for the land in full settlement of all claims upon the note.  The only question presented by the record is whether a defense to a recovery upon the note has been pleaded or proved.  It is very evident upon the face of the pleading that the conveyance of the land, and not the mere promise to convey, was to be received in satisfaction of plaintiff's claim.  Nowhere has the defendant alleged performance of the agreement, or even made or tendered a deed in compliance with the agreement.  True, the defendant alleges that he has at all times been ready and willing, and now is ready and willing, to carry out the terms of the contract, but he did not bring his deed into court and tender performance of the agreement.  A mere allegation of readiness and willingness to perform the contract in a law action, when performance is the essence of it, is not a sufficient plea of performance to constitute a defense.  At the very least, defendant should have made tender of his deed, so that, in the event a judgment should be rendered in his favor, the plaintiff's rights could be protected by a suitable order.  Besides, the testimony of the defendant does not sustain the allegations of his answer.  It was shown that the title to an undivided one-half of the land was in a brother of the defendant, and, while the defendant testified that he had made arrangements to get a deed from the brother, the fact remained that at the time of the trial he had not done so.  The allegation that he was at all times ready to carry out the contract was not, therefore, sustained by proof.  He may have been, and perhaps was, mentally ready and willing to perform the agreement; but in point of fact he was not ready, even at the time of the trial, to perform it.  The principle here involved was before this court in *Goble v.*

*American Nat. Bank,* 46 Nebr., 891. That case was an action upon a promissory note. The answer alleged that defendant agreed with plaintiff to turn over to the plaintiff a sufficient number of cattle owned by defendant, at a price to be fixed by one Samuel Temple, to pay off and discharge the note; that the defendant had at all times since the making of the agreement been ready and willing to perform and fulfill said agreement and turn over said cattle. The court said, quoting from the syllabus: "To a petition upon a cause of action not controverted, where there is attempted to be pleaded an accord and satisfaction, the plea is bad when the performance necessary to constitute the satisfaction is not alleged." In this case the court quoted with approval from 2 Parsons, Contracts [6th ed.], p. 836: "If he [the defendant] sets forth the agreement in such a manner that it appears upon the face of the plea that performance, and not the promise to perform, was to be received in satisfaction, and does not aver performance, the pleading will, of course, be bad." It is clear to our minds that the performance of the contract to convey the land was the essence of the contract, and not the promise to perform. To be a sufficient plea of accord and satisfaction it was necessary for the defendant to allege, not only that the parties had agreed upon terms of settlement, but to show an actual performance of the contract, or a tender to perform, in accordance with the agreement.

In our judgment, a defense to the note was neither pleaded nor proved, and the court erred in not directing a verdict for the plaintiff. It is therefore recommended that the judgment be reversed and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.